Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JP Morgan Chase Building
560 Mission Street, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-1737
Carlton@WBLawPartners.com

*Attorney for Plaintiff*
*VICTORIA ANN FAHEY*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA ANN FAHEY, a United States Citizen, <br><br> PLAINTIFF, <br><br> vs. <br><br> GIANNINI GARDEN ORNAMENTS, INC., a California Corporation, <br><br> PIETA GIANNINI, a United States Citizen <br><br> MARINO GIANNINI, a United States Citizen <br><br> DEFENDANTS. | CASE NO. 3:15-CV-1653 <br><br> **COMPLAINT FOR MULTIPLE COUNTS OF COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: April 10, 2015 |

PLAINTIFF VICTORIA ANN FAHEY, by and through counsel, hereby complains against DEFENDANT GIANNINI GARDEN ORNAMENTS, INC., and alleges as follows:

**PARTIES TO THE ACTION**

1. PLAINTIFF VICTORIA ANN FAHEY is an individual U.S. Citizen.

2. On information and belief, DEFENDANT GIANNINI GARDEN ORNAMENTS, INC., is a corporation organized under the laws of the State of California, with its principal place of

1

business located at 225 Shaw Road, South San Francisco, CA 94080 in South San Francisco, California.

3. DEFENDANTS PIETA GIANNINI and MARINO GIANNINI are individual U.S. Citizens. (together with DEFENDANT GIANNINI GARDEN ORNAMENTS, INC., collectively "GIANNINI")

4. This is an action for multiple counts of copyright infringement, alleged by PLAINTIFF VICTORIA ANN FAHEY against DEFENDANT GIANNINI GARDEN ORNAMENTS, INC. and DEFENDANTS PIETA GIANNINI and MARINO GIANNINI.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over DEFENDANT GIANNINI GARDEN ORNAMENTS, INC., a California corporation.

6. This Court has personal jurisdiction over DEFENDANTS PIETA GIANNINI and MARINO GIANNINI, each California residents.

7. This Court has jurisdiction of the subject matter of this claim under the provisions of 28 U.S.C. §1338(a), because this action arises under an Act of Congress relating to Copyrights, the Copyright Act of 1976, Pub. L. 94-553, 90 Stat. 2541 et seq. 17 U.S.C. 101 et seq.

8. Venue is properly laid in the District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b), § 1391(c) and § 1400 since, *inter alia*, the causes of action asserted arose from or are connected with purposeful acts committed by DEFENDANT GIANNINI in this District. DEFENDANTS PIETA GIANNINI and MARINO GIANNINI may be found in the Northern District of California the corporate DEFENDANT GIANNINI GARDEN ORNAMENTS, INC. is doing business and, therefore, resides in this District.

9. The intra-district assignment to the San Francisco Division is proper as events or omissions giving rise to the claim have occurred in San Francisco County and San Mateo County, California

## FACTUAL ALLEGATIONS

1. This action arises under the United States Constitution; Article I, Section 8, and Title 17 United States Code, Sections 101, et seq.

2. In 1995, PLAINTIFF VICTORIA ANN FAHEY, a United States citizen, working with a team of commissioned artists, created a "work of visual art" comprising a 3D Sculpture of a seated Bodhisattva (Goddess of Mercy) entitled "QUAN YIN."

3. PLAINTIFF's QUAN YIN Sculpture is an original work of visual art for which a copyright claim may be registered under United States law.

4. In 1996, PLAINTIFF filed an application with the United States Copyright Office for registration of her copyright for her "QUAN YIN" sculpture, including photographs of her work with the application, and received a Certificate of Registration No. VA 885-260 dated November 11, 1997, a copy of which is attached as EXHIBIT 1.

5. Photographic images of PLAINTIFF VICTORIA ANN FAHEY'S "QUAN YIN" Sculpture are attached to the Copyright Registration attached to this Complaint as EXHIBIT 1.

6. Since the successful registration of the copyright for the QUAN YIN statue, PLAINTIFF has consistently fabricated and licensed for commercial sale the QUAN YIN sculpture.

7. On or before 2009, PLAINTIFF was informed that DEFENDANT GIANNINI was manufacturing and selling copies of PLAINTIFF's QUAN YIN sculpture, both at its headquarters showroom in South San Francisco, California, and nationwide through its online mail order business. A copy of the image of PLAINTIFF's QUAN YIN sculpture that appeared for sale in the Spring 2009 Catalogue of DEFENDANT GIANNINI, marked as "# 8082 Meditating QUAN YEN" is attached as EXHIBIT 2.

8. DEFENDANT GIANNINI publishes images of its copies of PLAINTIFF's QUAN YIN sculpture online, on its website (http://www.gianninigarden.com) as of the date of the filing of this Complaint. These images do not identify the sculpture as PLAINTIFF's registered copyright. A copy of the current catalogue image of DEFENDANT GIANNINI is attached as EXHIBIT 3, and a close-up image attached as EXHIBIT 4, demonstrating DEFENDANT GIANNINI currently offering for sale copies of PLAINTIFF's QUAN YIN statue. Further, this catalogue bears a "© GIANNINI 2009" demarcation, representing to the public that the images are the registered copyrights of DEFENDANT GIANNINI.

9. Upon information and belief, DEFENDANT GIANNINI also distributed via US MAIL a print version of this catalogue containing images of PLAINTIFF's QUAN YIN sculpture, nationwide, and offering it for sale to individual consumers as well as wholesalers. Upon information and belief, this print catalogue did not identify the sculpture as PLAINTIFF's registered copyright.

10. Upon information and belief, DEFENDANT GIANNINI also maintains a physical, bound and laminated "desk copy" of a form of its catalogue as of the date of the filing of this Complaint, and provides this to potential customers at its corporate showroom in South San Francisco, California. This "desk copy" contains images of PLAINTIFF's QUAN YIN sculpture. Upon information and belief, this "desk copy" catalogue does not identify the sculpture as PLAINTIFF's registered copyright.

11. Upon information and belief, DEFENDANT GIANNINI also distributed in person, at trade shows nationwide, a print version of a catalogue containing images of PLAINTIFF's QUAN YIN sculpture, and offering it for sale to individual consumers and wholesalers. Upon information and belief, this print catalogue does not identify the sculpture as PLAINTIFF's registered copyright.

12. PLAINTIFF alleges that DEFENDANT GIANNINI has consistently advertised and sold copies of PLAINTIFF's QUAN YIN sculpture since at least 2009, and continues to sell them today.

13. On October 18, 2010, via E-MAIL to info@gianninigarden.com, PLAINTIFF sent a Notice addressed to "Pieta and Marino Giannini," and attached copies showing some of the carving work done on PLAINTIFF's QUAN YIN original sculpture. PLAINTIFF also attached the U.S. Copyright Certificate of Registration, which also contained images of the copyrighted QUAN YIN sculpture. A copy of the Notice is attached as EXHIBIT 5.

14. On June 13, 2013, via CERTIFIED U.S. MAIL, PLAINTIFF caused to be delivered to DEFENDANT GIANNINI an official Notice of infringement of a registered copyright, and PLAINTIFF's rights as the holder of the registered copyright. This Notice was addressed to "Pieta & Marino" also enclosed the October 28, 2010 E-Mail Notice previously delivered to DEFENDANT GIANNINI. PLAINTIFF demanded that DEFENDANT GIANNINI cease its infringing practices and cease offering copies of PLAINTIFF's QUAN YIN sculpture for sale. A

copy of the Notice is attached as EXHIBIT 6, and a copy of the CERTIFIED U.S. MAIL receipt is attached as EXHIBIT 7.

15.     Despite receipt by DEFENDANTS PIETA GIANNINI and MARINO GIANNINI of two notices demanding that DEFENDANT GIANNINI cease its infringing commercial practices, DEFENDANTS PIETA GIANNINI and MARINO GIANNINI refused to take any action to remedy the copyright infringement and prevent future infringement, and DEFENDANT GIANNINI refused to cease the production or selling of copies of PLAINTIFF's QUAN YIN sculpture. Upon information and belief, DEFENDANTS PIETA GIANNINI and MARINO GIANNINI continued to actively participate in the ongoing copyright infringement, both in their personal capacities as well as in their capacities as officers of DEFENDANT GIANNINI GARDEN ORNAMENTS, INC.

16.     DEFENDANT GIANNINI GARDEN ORNAMENTS, INC. is one of the largest producers and nationwide distributors of cast-stone garden ornaments, both to individual consumers as well as to major wholesalers. Therefore as a result of DEFENDANT GIANNINI's willful infringement and offering for sale copies of PLAINTIFF's QUAN YIN sculpture, PLAINTIFF has lost valuable opportunities to sell its statue, or to license it exclusively to business partners. Business partners are unwilling to pay royalties under an exclusive licensing arrangement when DEFENDANT GIANNINI is offering copies of PLAINTIFF's QUAN YIN sculpture without paying any royalties.

17.     DEFENDANT GIANNINI's slogan used in its business is "Where Originality Counts" and their consistent publication of images of and offering for sale of PLAINTIFF's QUAN YIN sculpture, gives an impression to the marketplace that DEFENDANT GIANNINI, rather than PLAINTIFF, was the creator of PLAINTIFF's QUAN YIN sculpture and holds rights to it. DEFENDANT GIANNINI's inclusion of a "© GIANNINI 2009" below the copies of PLAINTIFF's QUAN YIN sculpture, is a false representation to the public that DEFENDANT GIANNINI, rather than PLAINTIFF, holds the rights to the US Copyright for PLAINTIFF's QUAN YIN sculpture.

/ / /

/ / /

/ / /

## CAUSES OF ACTION

### MULTIPLE COUNTS OF COPYRIGHT INFRINGEMENT

18. All of the preceding paragraphs are incorporated by reference herein.

19. As described in this COMPLAINT, DEFENDANT GIANNINI has violated US Copyright Laws, including the Copyright Act 17 U.S.C. §101 et seq and 17 U.S.C. §501 et seq.

20. By their actions alleged above with respect to website reproduction, catalogue publication, and actual sales of copies of PLAINTIFF's QUAN YIN statue, DEFENDANT GIANNINI has infringed PLAINTIFF's copyright in and relating to PLAINTIFF's QUAN YIN statue. Given that Plaintiff had repeatedly advised DEFENDANT GIANNINI that it had no rights to reproduce images or physical copies of PLAINTIFF's QUAN YIN statue, DEFENDANT GIANNINI's serial infringements should be deemed willful and intentional.

21. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT GIANNINI has engaged in other direct and indirect acts which contributed to and/or resulted in additional infringing acts with respect to PLAINTIFF's QUAN YIN statue copyright.

22. Each of the aforementioned acts of infringement by DEFENDANT GIANNINI was willful.

23. For each act of direct infringement, for each contributory infringement, and for each publication of said infringement identified herein, PLAINTIFF has been damaged. PLAINTIFF is entitled to recover from DEFENDANT GIANNINI the damages, including statutory damages and attorneys' fees, she has sustained and will sustain, and any gains, profits and advantages obtained by DEFENDANT GIANNINI as a result of DEFENDANT GIANNINI's acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by PLAINTIFF and may be determined at trial.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

THEREFORE, the PLAINTIFF VICTORIA ANN FAHEY requests of the COURT, that:

1. DEFENDANT GIANNINI be adjudged a willful infringer of U.S. Copyright Registration No. VA 885-260 dated November 11, 1997 for PLAINTIFF's QUAN YIN sculpture.
2. This COURT issues an INJUNCTION, so that DEFENDANT GIANNINI and their respective agents are enjoined from distributing disposing of any images, digital or otherwise, of PLAINTIFF's QUAN YIN sculpture and any physical copies of PLAINTIFF's QUAN YIN sculpture until this case is decided or otherwise resolved.
3. DEFENDANT GIANNINI and their respective agents, be required to account for each and every physical copy of PLAINTIFF's QUAN YIN sculpture in their possession, or under their control, as well as each and every physical copy of PLAINTIFF's QUAN YIN sculpture that has been sold, including, but not limited to those sold to individual consumers either at the Defendants' place of business, delivered via US Mail or other carrier, or distributed via orders or retain accounts to wholesalers;
4. DEFENDANT GIANNINI and their respective agents be required to account for each and every print or digital copy of PLAINTIFF's QUAN YIN sculpture transmitted and/or otherwise provided to another person and/or entity;
5. DEFENDANT GIANNINI and their respective agents and contractors be required to deliver up for impoundment and destruction all copies, digital or otherwise, all molds, photographs, film negatives, and any and all other materials and/or things, including digital memory storage devices, in their possession from which the infringing images of PLAINTIFF's QUAN YIN sculpture may be reproduced and/or re-created;
6. PLAINTIFF VICTORIA ANN FAHEY be awarded her costs of suit including reasonable attorney's fees payable jointly and severally by the DEFENDANTS.
7. PLAINTIFF VICTORIA ANN FAHEY be awarded Statutory Damages as provided

by 17 U.S.C. § 504, including statutory damages in the sum of one hundred fifty thousand dollars ($150,000.00) for each willful violation of PLAINTIFF's copyright rights, as authorized by 17 U.S.C. §504(c)(2)

8. Damages pursuant California Civil Code § 3333 compensating PLAINTIFF VICTORIA ANN FAHEY for costs for notifying designated agents of internet service providers to 'take down' the infringing image of PLAINTIFF's QUAN YIN sculpture published by DEFENDANT GIANNINI, via the internet, and anticipatable future costs incurred by Plaintiff and her estate for monitoring the internet and 'taking down' future internet re-publications of the digital image of the PLAINTIFF's QUAN YIN sculpture by third parties for remainder of Plaintiff's life plus 70 years. [See 17 U.S.C. §§ 302(a) & 512(3).]

9. PLAINTIFF VICTORIA ANN FAHEY be awarded any and all other just relief that the court may provide in its discretion.

.

Respectfully Submitted,

WILLEY & BENTALEB LLP

Dated: April 10, 2015          By:    /s/ Carlton J. Willey
                                      Carlton J. Willey
                                      *Attorney for Plaintiff Victoria Ann Fahey*